**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WHITNEY SMITH** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:21-cv-880** |
| | § | |
| **ANGELBERTO RODRIGUEZ JR.** | § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, Whitney Smith, Plaintiff, complaining of Angelberto Rodriguez Jr., and for causes of action will respectfully show unto the Court as follows:

**SUMMARY**

On March 17, 2019, Houston Police Officer Angelberto Rodriguez Jr. fabricated evidence leading to the arrest and charge of Ms. Smith, which was later dismissed. Ms. Smith now files this lawsuit against Officer Rodriguez Jr. for violating her constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from the intentional fabrication of evidence leading to an arrest and charge.

**I.**
**PARTIES**

1.     Plaintiff Whitney Smith is a resident of Houston, Texas.

2.     Defendant Angelberto Rodriguez Jr. is an individual residing in Houston, Texas and is a police officer with the City of Houston Police Department Clear Lake Division and may be served at his place of employment at the Houston Police Department located at 2855 Bay Area

Blvd., Houston, TX 77058, or wherever he may be found. Defendant Rodriguez is being sued in his individual capacity.

**II.**
**JURISDICTION AND VENUE**

3.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.

4.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because the Defendant resides in the Southern District of Texas and all of the causes of action accrued in the Southern District of Texas.

**III.**
**FACTS AND ALLEGATIONS**

**Defendant Rodriguez's Prior History of Complaints**

5.      Prior to the incident that makes the basis of this lawsuit, Defendant Angelberto Rodriguez Jr. had previous complaints sustained against him for using improper police procedure and misconduct.

6.      On May 22, 2017, a misconduct complaint was filed against Defendant Angelberto Rodriguez Jr., and after investigation that complaint was sustained.

7.      On May 22, 2017, an improper police procedure complaint was filed against Defendant Angelberto Rodriguez, and after investigation that complaint was sustained.



## HOUSTON POLICE DEPARTMENTs

### EMPLOYEE COMPLAINT HISTORY - PUBLIC

Criteria Fields : Target Emp. ID = ▮▮▮▮

Report Date & Time: 4/7/2020 07:49:04 AM

**Employee Name:** RodriguezJr, Angelberto

**Date of Birth:** ▮▮▮▮

**Job Description:** Senior Police Officer

**Employee Number:** ▮▮▮▮

**Race:** Hispanic/Latino **Sex:** M

**Division:** CLEAR LAKE

**Command:** PATROL REGION 2 COMMAND

| ISSUE ID | ALLEGATION | REPORT DATE | COMPLAINANT'S NAME | INT/EXT | DIVISION INVOLVED | DISPOSITION |
|---|---|---|---|---|---|---|
| 33150-2008 | At Fault Accident | 11/14/2008 | Administrative Procedure | I | NORTHEAST | Sustained |
| 51508-2017 | Improper Police Procedure | 05/22/2017 | Meagan Williams | E | Southeast | SUST/REDUCD/MRIT |
| 51508-2017 | Misconduct | 05/22/2017 | Meagan Williams | E | Southeast | SUST/REDUCD/MRIT |
| 51508-2017 | Misconduct 2 | 05/22/2017 | Meagan Williams | E | Southeast | SUST/REDUCD/MRIT |
| 52475-2018 | Incomplete Search Of Prisoner | 01/25/2018 | Administrative Procedure | I | Southeast | SUST/REDUCD/MRIT |

**Defendant Rodriguez Fabricated Evidence of Witnessing a Crime He Did Not See**

8. On March 17, 2019, Plaintiff Whitney Smith was enjoying a night out with friends at Clutch nightclub.

9. At some point, Ms. Smith could not locate her phone.

10. Ms. Smith's phone was found by another friend of hers and Ms. Smith was told to come outside the nightclub to retrieve it.

11. As Ms. Smith exited Clutch she was instructed to sit down on the curb until police arrived.

12. Upon information and belief, Defendant Police Officer Angelberto Rodriguez Jr. was supposed to be working at Concrete Cowboy nightclub.

13. However, Defendant Rodriguez was not at this location.

14. In the following Google Maps images, the red circle depicts the location of Clutch Bar, where Ms. Smith was located, and the blue circle depicts the location of Concrete Cowboy, where upon information and belief Defendant Rodriguez was supposed to be located.





15.    As evidenced by the Google Maps images, Concrete Cowboy and Clutch are located across the street from one another.

16.    As confirmed by Defendant Rodriguez's police report, Concrete Cowboy and Clutch are located across the street from one another.

Charge: ASSAULT - SECURITY OFFICER
Cause Number: 162505001010
Case Type: FELONY CASES
Court: 176
File Date: 3/18/2019
DA Log Number: 2520966
OR Number: 033918919
Offense Date: 03/17/2019
Officer Name: RODRIGUEZ, A
Transaction Number: 2520966
Defendant Status: BOND MADE
Next Court Date: 4/18/2019
Summary of Facts:
 I, OFFICER A.RODRIGUEZ, WHILE WORKING AN EXTRA JOB ON 03/17/2019, AT THE CONCRETE COWBOY BAR LOCATED AT 5317 WASHINGTON, WAS FLAGGED DOWN IN REGARDS TO AN ASSAULT THAT OCCURRED ACROSS THE STREET AT THE CLUTCH BAR LOCATED AT 5334 WASHINGTON, AT APPROX 2330 HRS. MYSELF

17.    Defendant Rodriguez claims in his police report that he was working an extra job at Concrete Cowboy.

18.    However, as evidenced by his body worn camera video, Defendant Rodriguez drove for approximately two minutes before arriving at Clutch.[1]

19.    If Defendant Rodriguez would have been at Concrete Cowboy as he states in his police report, and where he claims to have been working an extra job, then he would have been able to get from Concrete Cowboy to Clutch in a matter of seconds.

---

[1] Defendant Rodriguez's body worn camera footage is attached as Exhibit A and fully incorporated herein.

Page **5** of **17**



20.    Defendant Rodriguez drove past a traffic light on his way to Clutch.



21.   Defendant Rodriguez drove past buildings on his way to Clutch.



.

22.   As Defendant Rodriguez was not where he was supposed to be at Concrete Cowboy, this provides context as to why Defendant Rodriguez intentionally and knowingly fabricated evidence against Ms. Smith – to make it appear that he was where he was supposed to be.

23.   When the Defendant arrived at Clutch, Ms. Smith was already sitting on the curb.

24.   The red arrow below from Defendant Rodriguez's body camera worn footage depicts Ms. Smith sitting on the curb.



25.     Upon Ms. Smith inquiring why she was being arrested, Defendant Rodriguez informed Ms. Smith that she was being arrested for hitting a police officer, allegedly bouncer Morris McClain.

26.     This was a falsehood because at no point did Ms. Smith hit anyone.

27.     In furtherance of this fabrication of facts, Defendant Rodriguez knowingly and intentionally falsely stated in his police report that he "was flagged down in regard to an assault."

Summary of Facts:
I, OFFICER A.RODRIGUEZ, WHILE WORKING AN EXTRA JOB ON 03/17/2019, AT THE CONCRETE COWBOY BAR LOCATED AT 5317 WASHINGTON, WAS FLAGGED DOWN IN REGARDS TO AN ASSAULT THAT OCCURRED ACROSS THE STREET AT THE CLUTCH BAR LOCATED AT 5334 WASHINGTON, AT APPROX 2330 HRS. MYSELF AND SGT C. WHITEHEAD WENT ACROSS THE STREET AND I OBSERVED A FEMALE YELLING AT STAFF

28.   Defendant Rodriguez's body camera clearly establishes this was a falsehood as he was not flagged down from across the street, but was called from a location he had to drive from a distance to arrive.

29.   In furtherance of this fabrication of facts, Defendant Rodriguez knowingly and intentionally falsely stated in his police report that he "observed a security employee removing [Ms. Smith] from the bar and then she put her hands up in an aggressive posture as if she was going to strike someone."

> Charge: ASSAULT - SECURITY OFFICER
> Cause Number: 162505001010
> Case Type: FELONY CASES
> Court: 176
> File Date: 3/18/2019
> DA Log Number: 2520966
> OR Number: 033918919
> Offense Date: 03/17/2019
> Officer Name: RODRIGUEZ, A
> Transaction Number: 2520966
> Defendant Status: BOND MADE
> Next Court Date: 4/18/2019
> Summary of Facts:
>  I, OFFICER A.RODRIGUEZ, WHILE WORKING AN EXTRA JOB ON 03/17/2019, AT THE CONCRETE COWBOY BAR LOCATED AT 5317 WASHINGTON, WAS FLAGGED DOWN IN REGARDS TO AN ASSAULT THAT OCCURRED ACROSS THE STREET AT THE CLUTCH BAR LOCATED AT 5334 WASHINGTON, AT APPROX 2330 HRS. MYSELF AND SGT G. WHITEHEAD WENT ACROSS THE STREET AND I OBSERVED A FEMALE YELLING AT STAFF MEMBERS. I OBSERVED A SECURITY EMPLOYEE REMOVING THE FEMALE FROM THE BAR AND SHE THEN PUT HER HANDS UP IN AN AGGRESSIVE POSTURE AS IF SHE WAS GOING TO STRIKE SOMEONE. I THEN OBSERVED THE SECURITY, WHO I LATER FOUND TO BE COMPLAINANT MORRIS, GRAB THE FEMALES HANDS

30.   Defendant Rodriguez's body camera clearly establishes this was a falsehood as he arrived after Ms. Smith was already sitting on the curb outside Clutch.

31.   In furtherance of this fabrication of facts, Defendant Rodriguez knowingly and intentionally falsely stated in his police report that he, "observed the female [Ms. Smith] break loose from his [Mr. McClain's] grasp and then she [Ms. Smith] struck McClain in the face with her right hand."

OBSERVED THE SECURITY, WHO I LATER FOUND TO BE COMPLAINANT MORRIS, GRAB THE FEMALES HANDS PREVENTING HER FROM HITTING ANYONE. I THEN OBSERVED THE FEMALE BREAK LOOSE FROM HIS GRASP AND SHE THEN STRUCK COMPL MORRIS IN THE FACE WITH HER RIGHT HAND. I ARRESTED THE FEMALE AND FOUND HER TO BE DEFENDANT SMITH, WHITNEY. I MADE CONTACT WITH COMPLAINANT BARRENO AND COMPLAINANT MORRIS AND TOOK THEIR INFORMATION AND STATEMENTS. COMPLAINANT#1: BARRENO, MIRIAM (281) 690-0945 COMPL BARRENO STATED IN SPANISH THAT SHE IS THE RESTROOM ATTENDANT AT THE CLUTCH BAR AND A FEMALE WENT INTO THE RESTROOM LOOKING FOR HER CELL PHONE. BARRENO

32.    Defendant Rodriguez's body camera clearly establishes this was a falsehood as he arrived after Ms. Smith was already sitting on the curb outside Clutch and at no time on Defendant Rodriguez's body camera video does it show Ms. Smith strike anyone.

33.    Defendant Rodriguez then used this fabricated evidence of observing Ms. Smith strike Mr. McClain to bring false charges against Ms. Smith when Defendant Rodriguez contacted the District Attorney's intake division and spoke with Assistant District Attorney Prince.

BOTH OF HER HANDS. MCCLAIN STATED THE FEMALE THEN PULLED HER HANDS AWAY AND STRUCK HIM IN THE MOUTH AND NOSE WITH HER RIGHT HAND. MCCLAIN STATED THE FEMALE WAS THEN PULLED AWAY. MCCLAIN STATED HE STILL IS STILL FEELING PAIN ON HIS LIPS AND HAS SORENESS IN HIS NOSE. MCCLAIN STATED HE WOULD LIKE TO PURSUE CHARGES. I CONTACTED DA INTAKE AND SPOKE WITH ADA PRINCE WHO ACCEPTED CHARGES FOR CLASS A ASSAULT AND DEFENDANT SMITH WAS TRANSPORTED TO HPD JAIL. THE INCIDENT OCCURRED IN HARRIS COUNTY, TEXAS I, OFFICER A.RODRIGUEZ, DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT BASED ON INFORMATION AND BELIEF. DATE SUMMARY COMPLETED: 3/18/2019 TIME SUMMARY COMPLETED: 0500

34.    As a result of Defendant Rodriguez (1) fabricating evidence that he observed Ms. Smith strike Mr. McClain and (2) relaying that fabricated evidence to Assistant District Attorney Prince, Assistant District Attorney Prince did in fact bring false charges against Ms. Smith for felony assault based off Defendant Rodriguez's fabricated evidence.

35.    As a result of Defendant Rodriguez fabricating evidence that he observed Ms. Smith strike Mr. McClain, Ms. Smith was arrested and transported to jail for felony assault.

36. As a result of Defendant Rodriguez fabricating evidence that he observed Ms. Smith strike Mr. McClain, Ms. Smith had to hire a criminal defense attorney and post bond.

37. Due to Defendant Rodriguez fabricating the evidence that he observed Ms. Smith strike Mr. McClain and this fabrication being proven by his own body camera footage, the charges against Ms. Smith were dismissed.

38. As a result of Defendant Rodriguez intentionally fabricating evidence and using it to frame and bring false charges against her, Ms. Smith's rights under the Fourteenth Amendment to the United States Constitution were violated.

39. Defendant Rodriguez was acting under color of law.

## IV.
## CAUSES OF ACTION

### Count One

### Fabrication of Evidence
### Violation of the Fourteenth Amendment Pursuant to 42 U.S.C. § 1983
### Against Defendant Rodriguez

40. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

41. The Fourteenth Amendment provides in pertinent part, "No State shall … deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend XIV, § 1.

42. The Fourteenth Amendment guarantees due process rights against state actors. See *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir.2000) (citing *DeShaney v. Winnebago Co. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)). "Prohibition against improper use of the 'formal [constraints] imposed by the criminal process' lies at the heart of the liberty interests protected by

the Fourteenth Amendment due process clause." *Jones*, 203 F.3d at 880–81 (quoting *Board of Regents v. Roth*, 408 U.S. 564, 575 (1972)).

43.     "The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued." *Castellano v. Fragozo*, 352 F.3d 939, 953 (5th Cir. 2003). For example, "a state's manufacturing of evidence and knowing use of that evidence along with perjured testimony to obtain a wrongful conviction deprives a defendant of his long-recognized right to a fair trial secured by the Due Process Clause...." *Id*. at 942.

44.     It is clearly established in the Fifth Circuit that the Fourteenth Amendment guarantees a "due process right not to have police deliberately fabricate evidence and use it to frame and bring false charges against a person." *Cole v. Carson*, 802 F.3d 752, 772-73 (5th Cir. 2015) ("Cole I"), vacated and remanded by *Hunter v. Col*e, 137 S. Ct. 497 (2016), holding partially reinstated by 905 F.3d 334 (5th Cir. 2018), reinstatement recognized by *Cole v. Carson*,  935 F.3d 444 (5th Cir. 2019) (en banc)  ("**if any concept is fundamental to our American system of justice, it is that those charged with upholding the law are prohibited from deliberately fabricating evidence and framing individuals**.") (emphasis added) (quoting *Limone v. Condon*, 372 F.3d 39, 45 (1st Cir. 2004)); see also *Morgan v. Chapman*, 969 F.3d 238, 250 (5th Cir. 2020). This is because, "deliberate framing of a person by the state offends the most strongly held values of our nation," and, therefore, is shocking to the conscience. *Cole I*, 802 F.3d at 772–73.

45.     According to the Fifth Circuit in *Cole I,* "being framed and falsely charged brings inevitable damage to the person's reputation, especially where, the crime is a felony involving the threat of violence. Alongside the reputational damage, it requires the person framed to mount a

defense, and places him in the power of a court of law, where he may be required to appear." *Cole I*, 802, F.3d at 772.

46.     A victim of intentional fabrication of evidence by law enforcement officers is denied due process whether he is convicted or acquitted, and even where the false charges do not "survive to the trial stage." *Cole I*, 802 F.3d at 768.

47.     To state a fabrication-of-evidence claim under the Fourteenth Amendment, plaintiffs must allege: (1) the police deliberately fabricated evidence and (2) the police successfully used the fabricated evidence to bring false charges against a person. See *Cole I*, 802 F.3d at 771, 773.

### (1) **Defendant Rodriguez deliberately fabricated evidence.**

48.     Defendant Rodriguez acting under color of law, was a governmental employee working as a police officer for the City of Houston Police Department Clear Lake Division.

49.     Defendant Rodriguez deliberately fabricated evidence as he had no facts which would give him reason to believe Ms. Smith committed felony assault.

50.     Defendant Rodriguez intentionally fabricated evidence that he witnessed Ms. Smith commit felony assault because the true facts at the time were that Defendant Rodriguez never witnessed Ms. Smith assault anyone, which is proven by Defendant Rodriguez's body camera video.

51.     Defendant Rodriguez knowingly and intentionally falsely stated in his police report that he "observed the female [Ms. Smith] break loose from his [Mr. McClain's] grasp and then she [Ms. Smith] struck McClain with her right hand."

52.     Defendant Rodriguez's claim of personally observing Ms. Smith assault Mr. McClain is a fabrication of evidence because Defendant Rodriguez's body camera clearly

establishes that he arrived after Ms. Smith was already sitting on the curb outside Clutch and did not witness Ms. Smith assault anyone.

53.    Defendant Rodriguez further fabricated evidence when he knowingly and intentionally falsely stated in his police report that he "observed a security employee removing [Ms. Smith] from the bar and then she put her hands up in an aggressive manner as if she was going to strike someone."

54.    Defendant Rodriguez's own body camera confirms that he was not present when Ms. Smith exited Clutch, but instead was still driving in his patrol vehicle. Thus, claiming in his police report that he observed Ms. Smith put her hands up like she was going to strike someone and then further claiming he observed Ms. Smith strike Mr. McClain are clear and obvious fabrications of evidence.

### (2) **Defendant Rodriguez successfully used the fabricated evidence to bring false charges against Ms. Smith.**

55.    Defendant Rodriguez successfully used the fabricated evidence to bring false charges against Ms. Smith because Assistant District Attorney Prince accepted charges against Ms. Smith for felony assault, based on Defendant Rodriguez's false statements, made under penalty of perjury in his report, that he observed Ms. Smith strike Mr. McClain.

56.    Defendant Rodriguez contacted District Attorney intake and relayed his fabricated observations of seeing Ms. Smith strike Mr. McClain to Assistant District Attorney Prince.

57.    Based on Defendant Rodriguez's false statements that he observed Ms. Smith strike Mr. McClain, Assistant District Attorney Prince accepted charges against Ms. Smith for felony assault.

58.   By knowingly and intentionally fabricating evidence and using it to frame and successfully bring false charges against her, Defendant Rodriguez deprived Ms. Smith of her Fourteenth Amendment due process rights.

59.   As a result of Defendant Rodriguez fabricating evidence to bring false charges against Ms. Smith, she was damaged. *Cole I,* 802, F.3d at 772.

## V.
## PUNITIVE DAMAGES

60.   Ms. Smith repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

61.   When viewed objectively from the standpoint of Defendant Rodriguez, at the time of the occurrence, Defendant Rodriguez's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

62.   As a direct, proximate, and producing cause and the intentional, egregious, malicious conduct by Defendant Rodriguez which was recklessly or callously indifferent to Ms. Smith's constitutionally protected rights, Ms. Smith is entitled to recover punitive damages in an amount within the jurisdictional limits of this Court.

## VI.
## DAMAGES

63.   Ms. Smith repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

64.   Ms. Smith's injuries were a foreseeable event. Those injuries were directly and proximately caused by Defendant Rodriguez's intentional fabrication of evidence and use to successfully bring charges agaisnt Ms. Smith.

65.   As a result, Ms. Smith is entitled to recover all actual damages allowed by law.

66.     Defendant Rodriguez's conduct constitutes malice, evil intent, or reckless or callous indifference to Ms. Smith's federally protected rights. Thus, Ms. Smith is entitled to punitive damages against Defendant Rodriguez.

67.     As a direct and proximate result of the occurrence which made the basis of this lawsuit, Ms. Smith was forced to suffer:

    a.   Mental anguish,

    b.   Monetary damages related to her arrest and bond, and

    c.   Deprivations of her liberty.

68.     Pursuant to 42 U.S.C. § 1983 and § 1988, Ms. Smith seeks to recover and requests the award of punitive damages, reasonable attorney's fees, and costs of court.

## VII.
## ATTORNEY'S FEES

69.     If Ms. Smith prevails in this action, by settlement or otherwise, Ms. Smith is entitled to and hereby demands attorney's fees under 42 U.S.C. § 1988.

## VIII.
## JURY REQUEST

70.     Plaintiff respectfully requests a jury trial.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Whitney Smith, prays that judgment be rendered against Defendant Angelberto Rodriguez Jr., for an amount in excess of the jurisdictional minimum of this Court. Ms. Smith further prays for all other relief, both legal and equitable, to which she may show herself justly entitled.

Respectfully submitted,

*/s/Scott H. Palmer*
SCOTT H. PALMER,
attorney-in-charge
Texas Bar No. 00797196
Federal ID No. 1751291

*/s/ James P. Roberts*
JAMES P. ROBERTS,
of counsel
Texas Bar No. 24105721
Federal ID No. 3244213

SCOTT H. PALMER, P.C.
15455 Dallas Parkway,
Suite 540, LB 32
Dallas, Texas 75001
Tel: (214) 987-4100
Fax: (214) 922-9900
scott@scottpalmerlaw.com
james@scottpalmerlaw.com

ATTORNEYS FOR PLAINTIFF